Dunbar v. State of NH, et al.          CV-00-001-JD  06/29/00

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


<u>P. Michael Dunbar, Sr.</u>

    v.                                    Civil No. 00-001-JD
                                       Opinion No. 2000 DNH 173
<u>State of New Hampshire, et al.</u>


**<u>REPORT AND RECOMMENDATION</u>**


Before the court is <u>pro</u> <u>se</u> plaintiff P. Michael Dunbar, Sr., who has filed suit against the State of New Hampshire/New Hampshire Attorney General, the Rockingham County Attorney, the Hampton District Court/Judge Frances Fraser, and the Plaistow District Court/Judge Peter G. Hurd. Dunbar seeks injunctive relief and monetary damages for alleged violations of his rights under the 5th, 6th, 10th and 14th amendments to the Constitution. As plaintiff is proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u> the complaint is currently before me for preliminary review. <u>See</u> United States District Court for the District of New Hampshire Local Rules ("LR") 4.3(d)(2). For the reasons stated below, I recommend that the complaint be dismissed. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).

## Background

Although Dunbar's complaint lacks certain procedural details, it appears that his allegations surround the failure of various authorities of the State of New Hampshire to see to a speedy resolution of certain driving offenses pending against him in the Plaistow and Hampton District Courts. Dunbar is currently incarcerated in Missouri. Dunbar was charged with various driving offenses, all of which possess 1993 docket numbers. The status of these charges is not specifically stated in the complaint but the court assumes that the charges are still pending. From prison in Missouri, Dunbar filed, by certified mail, motions requesting speedy trial in both the Plaistow and Hampton District Courts in July of 1998. Dunbar was under the impression that the filing of these motions gave rise to a legal right to have the matters brought to trial within 180 days of the filing of the motions. Receiving no response to his motions, Dunbar contacted the office of the New Hampshire Attorney General in June of 1999. In September of 1999, Dunbar was advised by an unnamed person at the Attorney General's office that he should contact the office of the Rockingham County Attorney. Dunbar attempted to contact the office of the Rockingham County Attorney

in February of 1999 and twice in September of 1999, apparently with no response. Plaintiff contacted both of the defendant district courts "with motion(s) to dismiss" on May 1, 1999, August 16, 1999, September 24, 1999 and October 18, 1999. Plaintiff has never received a response from either court.

Plaintiff complains that as a result of the inaction of the state prosecutors and courts in failing to adjudicate or dismiss his pending charges, he has suffered violations of his rights under the 5th, 6th, 10th and 14th amendments of the Constitution and now seeks dismissal of the charges and monetary damages.

## Discussion

In reviewing a pro se complaint, a district court is obliged to construe the pleading liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of that party). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining

that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  While I construe these allegations as asserting claims under 42 U.S.C. § 1983, over which this court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3), even generously reading the complaint in favor of Dunbar, I cannot find any claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii)&(iii).

### 1.    5th, 6th and 14th Amendment claims

Dunbar's assertion that he had a right to have his charges either adjudicated or dismissed within 180 days of filing his speedy trial requests pursuant to the 5th, 6th and 14th amendments to the Constitution can be read to assert speedy trial rights both under the Interstate Agreement on Detainers laws of New Hampshire and Missouri and as a more generalized constitutional right to speedy trial and to due process.  See Agreement on Detainers, N.H. RSA 606-A; Uniform Mandatory Disposition on Detainers, Vernon's Ann.Mo.Stat. 217.490.  I will address each of these areas in turn.

### a.    Interstate Agreement on Detainers

A prisoner incarcerated in a jurisdiction that has adopted the Interstate Agreement on Detainers ("IAD") as Missouri has by

4

adopting the Uniform Mandatory Disposition of Detainers, Vernon's Ann.Mo.Stat. 217.490, is entitled to the protections of that Act. See Curler v. Adams, 449 U.S. 433, 438-442 (1981). New Hampshire has also adopted the Act in its Agreement on Detainers, N.H. RSA 606-A. Inmates are entitled to seek injunctive relief under 42 U.S.C.A. § 1983 to require state officials to comply with the terms of the IAD. Cross v. Cunningham, 87 F.3d 586, 588 (1st Cir. 1996). It is axiomatic, however, that in order to be entitled to the protections of the IAD, the plaintiff must establish that the IAD applies to him in the first instance, and further, that the defendants failed to follow the procedures outlined in that act. See, e.g., Gearheart v. Wallace, 964 F. Supp. 205 (E.D.Va. 1997)(IAD does not apply if certificate of incarceration not filed with motion for speedy trial); Murray v. District of Columbia, 826 F. Supp. 4 (D.C. 1993)(IAD does not apply to inmates who are not yet sentenced).

Although plaintiff appears to have quoted language from the IAD in his complaint, he fails to allege the basic factual predicate for invocation of the Interstate Agreement on Detainers, that is, that a detainer has, in fact, been lodged against him in Missouri by New Hampshire law enforcement

5

officials.  Further, plaintiff has failed to allege or assert that he has followed the procedures outlined in the IAD that would entitle him to relief.  These are factual prerequisites that cannot here be presumed on the facts presented by Dunbar, even given the most generous reading of the complaint. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

To the extent therefore that plaintiff's claim for relief depends on rights asserted under the Interstate Agreement on Detainers, I recommend dismissal of the complaint.

### b.    Speedy Trial

To the extent that plaintiff alleges a violation of his speedy trial rights under the federal constitution, I find that the abstention doctrine outlined in Younger v. Harris, 401 U.S. 37 (1971) prevents this court from taking jurisdiction of this matter at this time, and that no recognized exceptions to that doctrine here applies.  The Younger abstention doctrine sets out the obligation of the federal judiciary to refrain from needlessly injecting itself into state criminal prosecutions. Younger v. Harris, 401 U.S. 37, 46 (1971); Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 637 (1st Cir. 1996).

Under Younger, a federal court must abstain from reaching

6

the merits of a case if there is "(1) an ongoing state judicial proceeding, instituted prior to the federal proceeding . . . ; that (2) implicates an important state interest; and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996).

Here, there is an ongoing criminal proceeding, as it appears from Dunbar's complaint that his criminal cases in the New Hampshire state courts have not been resolved.  It is difficult to imagine any more compelling state interests than the prosecution of criminal cases and the litigation of the rights of the parties to such an action resolving disputes by application of the laws and review procedures of New Hampshire.  Finally, Dunbar only alleges that he has not received responses to his several motions for speedy trial and to dismiss.  This allegation, without more, is insufficient to indicate that there is no adequate remedy available to him in the state courts. Indeed, if Dunbar was not entitled to be returned to New Hampshire via the IAD, there is no indication that he has yet been submitted to the jurisdiction of the state courts.  There is likewise no allegation made here that such a submission would not

7

serve to vest him with an adequate opportunity to raise any speedy trial claims he may have in the state court.

To obtain federal injunctive relief that would serve to impede a state court proceeding, the plaintiff must show the existence of a "great and immediate" irremediable harm. Younger v. Harris, 401 U.S. 37, 46 (1971); Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d 252, 263 (1st Cir. 1993). Extraordinary circumstances warranting interference by the federal judiciary may be found where the plaintiff demonstrates "bad faith [prosecution], harassment or any other unusual circumstances that would call for equitable relief." Id. at fn 9 (citations omitted). The plaintiff here has alleged neither great and immediate irremediable harm nor extraordinary circumstances that would warrant this court making an exception to the principles of abstention set out in Younger.

Therefore, to the extent plaintiff's claims rely upon the necessity for the federal court to enjoin ongoing state procedures for speedy trial violations, I recommend the dismissal of the complaint.

## 2. 10th Amendment claim.

The 10th Amendment to the Constitution states "[t]he powers

8

not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." I can find nothing in Dunbar's complaint that asserts a violation of any right that might accrue to him by application of the 10th amendment. For that reason, I recommend dismissal of the 10th Amendment claim. See U.S. Const. amend X.

### 3. Immunity

The plaintiff here has sued two state judges (Judge Fraser of the Hampton District Court and Judge Hurd of the Plaistow District Court) and two state prosecutors (the New Hampshire Attorney General and the Rockingham County Attorney).

Judges are absolutely immune from suit for conduct within their judicial capacities unless they act (1) outside the scope of their judicial capacity or (2) "in the complete absence of all jurisdiction." Mirales v. Waco, 502 U.S. 9, 11-12 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). Although actions for injunctive relief are not barred by the doctrine of absolute immunity, 42 U.S.C. §

9

1983[1], precludes actions against judicial officers for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (Supp. 1997). Dunbar does not allege that a declaratory decree was violated or that declaratory relief is unavailable in the state courts. Without satisfying a basic element of the cause of action, I find that Dunbar has failed to state a claim against either judge for injunctive relief under 42 U.S.C. § 1983. See Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991)(requiring plaintiff to allege facts regarding each material element necessary to state an actionable legal claim).

Moreover, Dunbar has not alleged facts supporting the application of any exception to absolute judicial immunity as he

---

[1]The statute provides in relevant part:
> Every person who, under color of any [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to that party injured in any action at law, suit in equity, . . . except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (Supp. 1997).

has not claimed that the failure to respond to his motion was outside the scope of the capacity of the judges or in the complete absence of any jurisdiction.  I therefore find that Dunbar has failed to state a claim against either judge for injunctive relief or monetary damages.

Under 42 U.S.C. § 1983, a prosecutor is entitled to absolute immunity from suit for conduct associated with his prosecutorial function. Imbler v. Pachtman, 424 U.S. 409, 431 (1976)(absolute immunity for prosecutor's conduct in initiation of prosecution); Harrington v. Almy, 977 F.2d 37, 40 (1st Cir. 1992)(absolute immunity for prosecutor's conduct associated with failing to bring charge).  Further, it is well-settled that the Eleventh Amendment bars suits against state entities and state agents working in their official capacities unless the state has expressly waived immunity, which has not been done by New Hampshire for actions brought pursuant to 42 U.S.C. § 1983. See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993)(Eleventh Amendment bars all suits in federal court against states or their agencies); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)(holding that § 1983 does not override the Eleventh Amendment and that the state is

11

not a person within the meaning of § 1983). Therefore, I find the defendant prosecutors are, like the defendant judges, absolutely immune from this suit.

For these reasons, I recommend the complaint be dismissed for failure to name a defendant who is liable to suit. See 28 U.S.C. § 1915(e)(2)(B)(iii)

## Conclusion

For the reasons set forth above, I recommend that this complaint be dismissed in its entirety for failing to state claims upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii)&(iii); LR 4.3(d)(1)(B)(i). If approved, the dismissal will count as a strike against the plaintiff under 28 U.S.C. § 1915(g).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of

12

Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date:   June 29, 2000

cc:     P. Michael Dunbar, Sr., pro se