### 21883

The STATE, Respondent, v. Gary Donelle JOHNSON, Appellant.
(301 S. E. (2d) 138)

*Appellate Defender John L. Sweeny*, of *S. C. Com'n of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Martha L. McElveen,* Columbia, *for respondent.*

March 16, 1983.

GREGORY, Justice:

Appellant Gary Donelle Johnson was indicted for burglary on March 1, 1982. He moved to have the charges dismissed on the ground the State failed to try him within one hundred eighty days after he requested a speedy trial pursuant to S. C. Code Ann. § 17-11-10 (1976), the Interstate Agreement on Detainers Act (IAD). The trial court denied the motion. We affirm.

Appellant was arrested on January 15, 1981, on six charges, including that which serves the basis for this indictment.[1] On March 19, 1981, appellant wrote a letter addressed to the Office of the District Attorney,[2] Chesterfield County Courthouse, Cheraw, South Carolina, requesting, pursuant to the IAD, a speedy trial of the charges pending against him. The letter was received by the Chesterfield County Treasurer who gave it to the Solicitor on March 26, 1981.

On March 1, 1982, appellant was brought to South Carolina from a federal prison in Florida and was indicted for burglary. Appellant then moved to have the charge dismissed because the State did not try him within one hundred eighty days after his request.

The trial court ruled appellant must show prejudice to have the charge dismissed and he did not, thus, it denied appellant's motion. Appellant was found guilty of burglary and was sentenced to eighteen years' imprisonment. He appeals.

The State concedes a defendant need not show prejudice before a trial court can dismiss an indictment where the State has violated a prisoner's rights under Article III of IAD. In ruling appellant must show prejudice, the trial court erred; however, under Rule 4, Section 8 of the Rules of Practice of this Court, we may affirm a decision

---

[1] At the time of his arrest, appellant was on parole from federal prison. The remaining charges were parole violations.

[2] In South Carolina, the prosecuting officer is the Solicitor, not District Attorney.

based on any ground appearing in the record. *Harvin v. Commercial Credit Corp.*, 275 S. C. 14, 266 S. E. (2d) 789 (1980).

The question arises whether appellant's request for a speedy trial complied with the IAD requirements and thereby triggered the one hundred eighty day period. Section 17-11-10, Article III of the Code provides in pertinent part:

> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer had been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after *he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition* to be made of the indictment, information or complaint. ... *The request ... shall be accompanied by a certificate of the appropriate official having custody of the prisoner,* stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner. (Emphasis added)
>
> (b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

There is confusion as to appellant's place of imprisonment. His letter states he was incarcerated in Anthony, Texas. Under his signature, the typed address is Anthony, Texas; however handwritten beside that is *"New Mexico."* The record below shows the solicitor and appellant's counsel were confused as to where appellant was incarcerated. Even at oral

argument, appellant's counsel admitted he was not sure where appellant was incarcerated at the time of his request. Apparently, after his request was made, appellant was transferred to a federal prison in Florida where he remained until he was brought to South Carolina on March 1, 1982. The prisoner must make clear the place of his imprisonment. Appellant did not.

Further, there is no evidence the required certificate accompanied the request. Surely, this would have resolved any confusion as to appellant's place of imprisonment. It is clear appellant's letter does not comply with the IAD requirements.

This Court has not previously addressed the issue of what consequences arise from a prisoner's failure to comply with the IAD requirements. In *State v. Vaughn*, 296 N. C. 167, 250 S. E. (2d) 210 (1978), cert denied 441 U. S. 935, 99 S. Ct. 2060, 60 L.Ed. (2d) 665 (1979), the North Carolina Supreme Court held a South Carolina prisoner's request for a speedy trial was insufficient because if did not contain notice of the place of his imprisonment and it was not accompanied by the required certificate. Also, in *Reed v. Stynchombe*, 249 Ga. 344, 290 S. E. (2d) 469 (1982), the Georgia Supreme Court stated the absence of the certificate of the appropriate official was fatal to a defendant's claim for relief under the IAD. See also Annot., 98 A.L.R. (3d) 160, § 176 (1980).

We hold appellant's letter did not comply with the IAD requirements and thus did not trigger the running of one hundred eighty day period during which a prisoner must be brought to trial under Article III of the IAD. Accordingly, the decision of the trial court is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.