Billy J. CONN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 24A01–0407–CR–320.

Court of Appeals of Indiana.

July 28, 2005.

Transfer Denied Oct. 6, 2005.

Susan K. Carpenter, Public Defender of Indiana, J. Michael Sauer, Deputy Public Defender, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MATHIAS, Judge.

Billy Conn ("Conn") was convicted in Franklin Circuit Court of Class A felony dealing in a narcotic drug, Class C felony carrying a handgun without a license, Class D felony possession of marijuana, and Class B misdemeanor possession of a switchblade. Conn appeals, presenting the following dispositive and restated issue for review: Whether the trial court improperly denied Conn's Motion to Dismiss pursuant to the Interstate Agreement on Detainers Act ("IAD"). Concluding Conn was denied his right to be present during an IAD hearing, we reverse.

### Facts and Procedural History

On November 24, 2001, Brookville Police Officer Terry Mitchum ("Officer Mitchum") noticed a truck cross the centerline of the roadway three times and activated his emergency lights. As the truck continued to drive, Officer Mitchum observed the passenger, Conn, move items in the truck. When the truck finally pulled over, Conn was still moving.

The truck's driver, Tommy Massey ("Massey"), informed Officer Mitchum that he did not have a license and handed Officer Mitchum an identification card. As Massey was handing Officer Mitchum his identification, Officer Mitchum noticed that Conn's hands were hidden underneath a jacket he was sitting on and asked Conn to remove his hands from underneath the jacket. After several requests, Conn placed his hands where Officer Mitchum could see them, and Officer Mitchum noticed that one of Conn's hands was bandaged.

During the stop, Officer Mitchum learned from the dispatcher that Massey's license was suspended, the truck's license plates belonged to another vehicle, and the truck was reported as stolen in Marion County. While Officer Mitchum was arresting Massey, Conn complained that his hand hurt, and Officer Mitchum radioed for an ambulance. Conn then stepped out of the truck, and Officer Mitchum noticed a handgun near the center console, which had previously been hidden by Conn's jacket. Officer Mitchum also noticed a bag, which appeared to contain narcotics, sticking out of Conn's jacket. More bags and $700 were also inside Conn's jacket. These bags contained methamphetamine in the amount of 39.58 grams.

Officer Mitchum then retrieved the handgun, which was a .357 Magnum loaded with hollow-point bullets, from the truck's center console. After retrieving the handgun, Officer Mitchum noticed marijuana next to where Conn was sitting. After an inventory search of the truck, the police found more narcotics, a switchblade, a small blowtorch, a radar detector, and a police scanner.

On November 25, 2001, Conn was charged with Class A felony dealing in a narcotic drug, Class C felony carrying a handgun without a license, Class D felony receiving stolen property, Class D felony possession of marijuana, and Class B misdemeanor possession of a switchblade.

Attorney Thomas Shirley ("Shirley") entered an appearance on the behalf of Conn, and jury trial was set for March 31, 2003. However, Conn did not appear for trial and a warrant was issued for his arrest. On May 17, 2003, the Franklin County Prosecutor received written notice that Conn was imprisoned in a federal penitentiary in Elkton, Ohio [1] and that, pursuant to the IAD, Conn had to be brought to trial within 180 days.

Jury trial was therefore set in the Franklin Circuit Court for November 10, 2003. However, Shirley did not appear for trial. The Chronological Case Summary ("CCS") indicated notice of the trial date was not sent to Shirley, and when Shirley was contacted, he indicated that he was unaware of the trial date and did not receive notice.

Despite Shirley's absence, Conn asserted his right to be tried within the IAD's 180–day limitation and his right to representation. The trial court continued Conn's trial indefinitely and informed Conn that, once it could be determined whether Shirley was still representing him, a new trial would be promptly set. The trial court also advised Conn that they would reconvene once Shirley was located.

However, the parties did not reconvene to set a trial date. Rather, thirty-five days later and out of the presence of Conn and Shirley, the trial court unilaterally set trial for February 23, 2004—102 days beyond the 180–day limitation of the IAD. Conn did not learn of this setting until less than one week before the trial date, on February 17, 2004.[2]

After Conn learned of his trial setting, he filed a pro se motion for dismissal pursuant to the IAD. On February 24, 2004, Conn's motion was denied, and Conn was convicted as charged.[3] On May 17, 2004, Conn was sentenced to fifty-years executed for his dealing in a narcotic drug conviction, an eight-year consecutive sentence for his carrying a handgun without a license conviction, a three-year concurrent sentence for his possession of marijuana conviction, and a six-month concurrent sentence for his possession of a switchblade conviction. Conn now appeals.

## Discussion and Decision

■ The denial of a motion to dismiss under the IAD is a question of law and is reviewed de novo. *United States v. Hall,* 974 F.2d 1201, 1204 (9th Cir.1992). However, the findings underlying the denial are reviewed pursuant to a clearly erroneous standard. *Id; see also Birdwell v. Skeen,* 983 F.2d 1332, 1336 (5th Cir.1993).

■ Indiana is one of forty-eight states who, along with the District of Columbia, and the Federal Government, are parties to the IAD.[4] *Alabama v. Bozeman,* 533 U.S. 146, 148, 121 S.Ct. 2079, 150 L.Ed.2d 188 (2001). The IAD is an interstate compact that creates uniform procedures for lodging and executing a detain-

---

1. On December 13, 2002, Conn was sentenced to 270 months in a federal penitentiary.

2. This assertion is supported both by Conn's affidavit and the CCS. Appellant's App. pp. 6, 165.

3. The State dismissed Conn's Class D felony receiving stolen property charge.

4. Mississippi and Louisiana are the only two states that have not entered into the IAD.

er.[5] *Id.* The IAD provides for expeditious delivery of the prisoner to the receiving state for trial prior to the termination of his sentence in the sending state and seeks to minimize the interruption of the inmate's ongoing prison term. *Id.*

■ A state bringing charges against a prisoner in custody in another IAD jurisdiction begins the IAD process by filing a detainer. *New York v. Hill,* 528 U.S. 110, 112, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000). After a detainer is filed, the inmate may file a request for final disposition, and the inmate must be brought to trial within 180 days. *Id.*

Indiana's codification of the IAD states in part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final dispo-

sition to be made of the indictment, information or complaint; provided that for good cause shown in open court, *the prisoner or his counsel being present,* the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Ind.Code § 35–33–10–4 Art. III(a) (2004) (emphasis added).[6]

■ The State contends Conn waived his right to the IAD because he failed to object to the February 23, 2004 trial setting. However, waiver contemplates voluntary relinquishment of a known right, which did not occur here. When Conn's attorney did not appear for trial on November 10, 2003, Conn, pro se, maintained his request to be tried within the IAD's 180–day period. Furthermore, when the trial court later set Conn's February 23, 2004 trial date on December 15, 2003, it did not inform Conn of this setting until February 17, 2004, and upon such notice Conn once again maintained his right to the IAD trial deadline.[7] Conn's timely and consistent assertion of his rights preserves them on appeal. Moreover, even if Conn did not properly object, the failure to notify Conn's attorney of trial and the notification to Conn six days before trial hardly makes any alleged failure attributable to Conn.[8]

---

**5.** A detainer is a notice to prison authorities that charges are pending against an inmate elsewhere and requesting the prison custodian to notify the sender of the detainer before releasing the inmate. *United States v. Crozier,* 259 F.3d 503, 513 (6th Cir.2001).

**6.** Both the IAD and Indiana's codification of the IAD are silent as to who bears the burden of proving the reasonableness or necessity of the continuance. Ind.Code § 35–33–10–4 Art. III; *United States v. Torres,* 2001 WL 811928, 2001 U.S. Dist. LEXIS 9669 (E.Dist. N.Y.2001). However, because the federal Speedy Trial Act generally places the burden of proof on the defendant, it is logical to

conclude that the defendant possesses the burden under the IAD. *Id.*

**7.** The State also asserts the trial court did not have to rule upon Conn's motion because it was filed pro se. This argument fails because Conn raised his motion pro se through no fault of his own and the trial court addressed Conn's motion. Had the trial court not done so, Conn's attorney could—and should—have asserted Conn's rights.

**8.** The only Supreme Court case to recognize waiver under the IAD did so when the defendant was the party responsible for the contin-

Here, the trial court properly ordered an indefinite continuance when Shirley did not appear. However, the trial court did not follow through with its assurance to Conn that the parties would reconvene once Shirley could be located. This deprived Conn of his right to be present when the reasonableness or necessity of the length of his continuance was determined. *See Birdwell,* 983 F.2d at 1339 (dismissal necessary where the trial court properly granted a one-week continuance under the IAD, but later extended that continuance for two weeks outside the presence of the defendant or his attorney).

Indiana's codification of the IAD does not require a defendant to establish prejudice for dismissal; indeed, there is authority from other jurisdictions supporting the proposition that a defendant need not demonstrate prejudice under the IAD. Ind. Code § 35–33–10–4 Art. III(d); *People v. Sevigny,* 679 P.2d 1070, 1074 (Colo.1984); *State v. Johnson,* 278 S.C. 668, 669, 301 S.E.2d 138 (S.C.1983). But, regardless of whether prejudice is or is not required in Indiana, prejudice is amply demonstrated in the case at bar.

It is possible that it was reasonable or necessary for the trial court to schedule Conn's trial 102 days beyond the IAD's 180–day limitation. But, the reason the IAD requires the defendant or his attorney to be present while granting a reasonable or necessary continuance beyond the 180–day limitation is so the defendant may assert his right to trial at the earliest possible moment and be apprised of the factors that render the length of the continuance reasonable or necessary. Here, Conn was denied the opportunity to query

the trial court as to why his trial could not be set in less than 102 days. *See Johnson v. Stagner,* 781 F.2d 758, 763 (9th Cir.1986) (trial courts must actively reassign cases so as to expedite a defendant's case within the limitations of the IAD); *c.f. Clark v. State,* 659 N.E.2d 548, 551–52 (Ind.1995) (trial courts must reassign cases to comply with Criminal Rule 4 provisions).

Whether the failure to notify Conn's attorney of his trial date may constitute good cause for a continuance under the IAD and whether a trial held 102 days after the IAD's 180–day limitation is adequate compliance are cognizable issues under the IAD. However, we need not reach these issues, as the IAD requires Conn's convictions to be reversed and requires dismissal when continuances beyond the 180–day period are not conducted in the presence of the defendant or his attorney. *United States v. Mauro,* 436 U.S. 340, 352, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978); Ind. Code § 35–33–10–4 Art. III(a).

While Judge Crone's thoughtful dissent claims that the length of an IAD continuance is not subject to the good-cause and open-court requirements of the IAD, at least one court has considered this issue and concluded otherwise. *See Roberson v. Kentucky,* 913 S.W.2d 310, 314 (Ky.1994) ("the trial court did not address whether there was good cause for the *length* of the continuance") (emphasis added).[9] In addition, from a common sense perspective, if the IAD required "nothing more" than good cause for the setting of an indefinite continuance in open court, the State would have been free to set Conn's trial at its leisure after the indefinite continuance. Clearly, Conn did not waive his IAD rights

---

uance. *Hill,* 528 U.S. at 115, 120 S.Ct. 659. Conn was not responsible for the continuance.

9. Judge Crone places emphasis on the conjunction "or" in its opening paragraph. We acknowledge that a continuance under the IAD need only be necessary "or" reasonable, and our opinion does not hold otherwise.

by simply being the unintentional recipient of an indefinite continuance.

■ The dissent also claims that we have failed to reach the issue of whether there was good cause to extend Conn's trial 102 days beyond the IAD deadline. Our holding is that (1) the defendant's presence during the setting of a continuance is an independent IAD requirement, *United States v. Crozier*, 259 F.3d 503, 514 (6th Cir.2001) (the defendant's presence is a *requirement* of the IAD), and (2) Conn's inability to learn of the trial court's reason for the length of his continuance at the time of its issuance precludes an honest review of whether there was good cause to extend Conn's trial 102 days beyond his IAD deadline. Because the trial court determined the length of Conn's continuance outside of his presence, Conn was forced to reconstruct the reason for the length of his continuance nearly 100 days after it was given, and we, as a reviewing court, are left with little evidence to determine what attempt was made to bring Conn to trial closer to the IAD deadline. *See Johnson,* 781 F.2d at 763 (courts must actively reassign cases to conform to the IAD).[10]

In a related assertion, Judge Crone also notes that Conn failed to meet his burden of proving the absence of good cause. We agree. However, when neither a defendant nor counsel for defendant is allowed to be present during the determination and announcement of the length of his continuance, it should come as no surprise

that the defendant is unable to meet this burden. Importantly, the difficulties associated with learning the reason for the length of a continuance is the very reason for the IAD's "in the defendant's presence requirement." *State v. Miller,* 299 N.J.Super. 387, 398, 691 A.2d 377 (1997) ("The purpose of the IAD's requirement that continuances be set in the defendant's presence *is to ensure there is a record for appellate review*") (emphasis added).

The dissent finally asserts that our opinion places the defendant in the "driver's seat" when it comes to determining the necessity or reasonableness of a continuance. We respectfully disagree. We fail to see how requiring a court to allow the defendant to be present during the setting of the length of his continuance places the defendant in the "driver's seat." Either there is or is not good cause for the length of a continuance. Allowing a defendant, and by extension a court on review such as ours, a fair opportunity to know of this reason is a far cry from depriving a trial court of its discretion.[11]

Once attorney Shirley was located, the trial court was required to expediently set a trial date in Conn or Shirley's presence. *See Roberson,* 913 S.W.2d at 313 ("The most lenient reading of the IAD does not require a formal proceeding in court, but does require, at least, that the prisoner or his counsel, and a judge be present."). Such a requirement is hardly burdensome and would have provided Conn a fair op-

---

**10.** In its second footnote, the dissent places significance in the fact that the length of Conn's continuance was determined by an indefinite continuance. Regardless of whether a trial court extends a previous continuance outside the defendant's presence or sets the length of an indeterminate continuance outside the defendant's presence, a defendant has equal difficulty learning of and assessing the reason for the length of the continuance.

**11.** The IAD seeks to minimize interference with the defendant's other prison sentence and the rehabilitative programs offered pursuant to that sentence. *Bozeman,* 533 U.S. at 148, 121 S.Ct. 2079. The IAD does not seek to minimize State interference with the defendant's liberty. Whether this purpose justifies the IAD's remedy of dismissal was a matter of public policy decided by our General Assembly when it agreed to abide by the terms of the IAD.

portunity to consider and contest the delay involved in the trial court and to present this court with reasons, or lack thereof, as to why his trial was set 102 days beyond the IAD deadline.

## Conclusion

The trial court was within its discretion when it granted the initial indeterminate continuance. However, Conn had the right to be present during the determination of the actual length of the continuance and to press his right to be tried as close as possible to the IAD's 180–day limitation. Accordingly, Conn's convictions must be reversed.

Reversed.

DARDEN, J., concurs.

CRONE, J., dissents with separate opinion.

CRONE, Judge, dissenting.

Article 3 of the IAD states that "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary *or* reasonable continuance." Ind.Code § 35–33–10–4 (emphasis added). The record indicates that good cause was shown in open court for the granting of the indefinite continuance on November 10,[12] that Conn was present, that the trial court had jurisdiction of the matter, and that the continuance was nec-

essary. That is all that is required under the statute, and Conn's convictions should therefore stand.

The trial court's resetting of the trial date was simply that—a resetting, not the granting of a second continuance. As such, neither Conn nor his counsel was required to be present in open court.[13] The trial court might not have followed through with its assurance to Conn to reconvene once his counsel was located, but that does not amount to a violation of the IAD. The majority suggests that a defendant has a right to "query" the trial court as to the necessity or reasonableness of the length of a continuance, but I find no support for this suggestion in the IAD. I believe that determination rests solely within the trial court's discretion. *Cf. Young v. State,* 765 N.E.2d 673, 676 (Ind. Ct.App.2002) (stating that speedy trial continuance due to court congestion must be for "a reasonable time" pursuant to Ind. Crim. Rule 4(B) and that trial court's "determination of a reasonable delay is reviewed under an abuse of discretion standard."). Conn has shown, and I have found, no abuse of that discretion here. The majority suggests that a defendant bears the burden of proving the unreasonableness of a continuance. *See* op. at 831 n. 6. I believe that Conn has failed to meet his burden here.

It is important to note that defendants who seek an expedited trial pursuant to

---

**12.** The evidence is contested as to whether notice of the November 10 trial date was sent to Conn's counsel. Regardless, it is well settled that an attorney has a duty "to keep apprised of the status of pending matters before the court." *Ind. Ins. Co. v. Ins. Co. of N. Am.,* 734 N.E.2d 276, 280 (Ind.Ct.App.2000), *trans. denied* (2001).

**13.** I am unpersuaded by the majority's reliance on *Birdwell,* 983 F.2d 1332, in reaching the opposite conclusion. In that case, Birdwell filed a motion to dismiss his indictment;

the trial court granted a one-week continuance of a hearing on the motion in open court in the presence of Birdwell's counsel and then extended the postponement by two weeks without a hearing. Here, the trial court granted an indefinite continuance of Conn's trial and then set a trial date once it determined that Conn's counsel was still representing him. Also, the Fifth Circuit specifically found that no good cause existed for the postponement of Birdwell's hearing; the majority does not reach that issue here.

the IAD have already been found guilty and imprisoned in another jurisdiction, whereas many defendants who request a speedy trial pursuant to Criminal Rule 4 have only recently been jailed and have not yet been convicted of any crime. Thus, the respective liberty interests at stake are substantially different, as are the purposes of the respective rules. The decision reached by the majority contravenes the purposes of the IAD by placing defendants in the driver's seat when it comes to determining the necessity or reasonableness of a continuance. For all these reasons, I respectfully dissent.