**STATE of Indiana, Appellant–Plaintiff,**

v.

**Jacob ROBINSON, Appellee–Defendant.**

No. 10A04–0609–CR–491.

Court of Appeals of Indiana.

April 4, 2007.

Steve Carter, Attorney General of Indiana, Mara McCabe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Patrick J. Renn, William A. Gray, Louisville, KY, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-plaintiff State of Indiana appeals the trial court's dismissal of one

count of Dealing in Marijuana,[1] a class C felony that it filed against appellee-defendant Jacob Robinson.[2] Specifically, the State argues that the trial court erred in determining that a detainer had been properly lodged against Robinson under the Interstate Agreement on Detainers[3] (IAD). As a result, the State contends that the trial court erroneously concluded that Robinson could not be prosecuted because of the 180–day time limitation under the IAD. Concluding that the trial court erred in granting Robinson's motion to dismiss because a proper detainer had not been lodged against him that would trigger the 180–day time limitation, we reverse and remand with instructions that the trial court reinstate the charge.

## FACTS

On April 16, 2003, the State charged Robinson with the above offense. Thereafter, a trial date of December 16, 2003 was set. Because Robinson failed to appear for a final pre-trial conference, a bench warrant was issued for his arrest on November 20, 2003. Ten months later, on September 23, 2004, the trial court was notified that Robinson was being held in Russell County, Kentucky, on other criminal charges. While Robinson was in jail in Kentucky, he signed a waiver of extradition on November 15, 2004, thus giving consent to be returned to Indiana.

On January 11, 2005, Robinson was transferred to the Lee Adjustment Center (LAC) in Beattyville, Kentucky, following his conviction on the Kentucky charges. On July 7, 2005, Robinson requested paperwork from the prison records office to "start an IAD." Appellant's App. p. 71. The records officer responded to Robinson's request on July 11, 2005, indicating that the paperwork would be presented to Robinson for his signature once it was prepared. This particular document did not refer to any detainer filed by a prosecutor or law enforcement agency in Indiana, and the LAC failed to provide Robinson with any additional paperwork.

No further action was taken in the Indiana case until Robinson filed a motion to dismiss the charges on March 3, 2006. Robinson alleged that dismissal of the charges in Indiana was warranted because "more than 180 days had elapsed since he requested the necessary paperwork to notify the State ... the place of his imprisonment and request a final disposition of the Indiana charges." *Id.* at 41. At a hearing on the motion to dismiss that commenced on April 11, 2006, Robinson argued that he asked Kentucky prison officials for paperwork to "start an IAD," never received any documents, and that his request to the prison began the 180–day period for trial under the IAD. In response, the State argued that for the trial court to dismiss the charges because the prison failed to provide the required paperwork would unfairly prevent it from prosecuting the charge and that the Kentucky prison officials were solely to blame for not providing Robinson with the necessary documents. Hence, the State argued that the 180–day time limit had not been triggered and that dismissal of the Indiana charges was improper.

---

1. Ind.Code § 35–48–4–10(b)(1)(A).

2. The State brings this appeal pursuant to Indiana Code section 35–38–4–2, which permits the State to appeal an order granting a motion to dismiss an indictment or information.

3. This statute is codified as Indiana Code section 35–33–10–4 and is discussed in detail below.

On May 9, 2006, the trial court granted Robinson's motion to dismiss with prejudice, concluding that the State failed to bring him to trial within 180 days from the date on which Robinson had requested the IAD paperwork from the Kentucky prison officials. The State now appeals.

## DISCUSSION AND DECISION

■ In deciding whether the trial court properly granted Robinson's motion to dismiss, we initially observe that a ruling on a motion to dismiss under the IAD is a question of law and is reviewed de novo. *Conn v. State,* 831 N.E.2d 828, 830 (Ind.Ct. App.2005), *trans. denied.* However, the findings underlying the denial are reviewed pursuant to a clearly erroneous standard. *Id.*

■ Next, we note that both Indiana and Kentucky are parties to the IAD. In relevant part, this statute provides that

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint *on the basis of which a detainer has been lodged against the prisoner,* he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint.

I.C. § 35–33–10–4 (emphasis added). The IAD is an interstate compact between forty-eight states, the District of Columbia, and the Federal Government, which creates uniform procedures for lodging and executing a detainer. *Conn,* 831 N.E.2d at 830–31. Generally, the IAD process begins when a state bringing charges against a prisoner in custody in another IAD jurisdiction files a detainer. *Id.* Once a detainer is filed, the defendant may file a request for final disposition, which triggers the requirement that he be brought to trial within 180 days. The IAD's purpose is to encourage the expeditious and orderly disposition of outstanding charges against persons already incarcerated in other jurisdictions. *See Carchman v. Nash,* 473 U.S. 716, 720, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). As the United States Supreme Court observed in *Carchman:*

The inmate who has a detainer against him is filled with anxiety and apprehension and frequently does not respond to a training program. He often must be kept in close custody, which bars him from treatment such as trustyships, moderations of custody and opportunity for transfer to farms and work camps. In many jurisdictions he is not eligible for parole; there is little hope for his release after an optimum period of training and treatment, when he is ready for return to society with an excellent possibility that he will not offend again. Instead, he often becomes embittered with continued institutionalization and the objective of the correctional system is defeated.

*Id.*

As the State points out, a split of authority exists among our sister states with respect to what amounts to a valid detainer. For instance, in *State v. Estes,* 131 Or.App. 188, 883 P.2d 1335 (Or.App.1994), it was determined that any written communication can serve as a detainer, while California has held that the lodging of a "formal detainer" is required before the IAD will apply, *In re Brooks,* 189 Cal. App.3d 866, 234 Cal.Rptr. 573 (1987). *See also Taylor v. State,* 582 So.2d 152 (Fla.Ct.

App.1991) (stating that an arrest warrant is not an untried indictment, information, or complaint that triggers compliance with the IAD).

■ In this case, the record shows that no formal detainer was ever lodged against Robinson, which is a prerequisite to the application of the IAD as set forth in Indiana Code section 35–33–10–4. Indeed, the Clark County prosecutor did not lodge a detainer with any Kentucky prison authority regarding the untried charges that were pending against Robinson in Indiana. Although the trial court issued a bench warrant for Robinson's arrest on November 20, 2003, for his failure to appear, our Supreme Court has determined that an arrest warrant is not a detainer for purposes of the IAD. *Crawford v. State*, 669 N.E.2d 141, 148 (Ind.1996).

We also note that based upon that warrant, officials at the Kentucky jail contacted the Clark County Sheriff's Office on September 23, 2004, to report that Robinson was in custody. As noted above, Robinson signed a waiver of extradition that Kentucky officials had drafted, but it did not address the nature of the charges or in what Indiana county they were pending. Appellant's App. p. 80. In essence, the only communication between Indiana and Kentucky authorities occurred when the Russell County Jail contacted the Sheriff in Clark County to report that Robinson was in custody. *Id.* at 3.

The record reveals no other communication between State officials while Robinson was incarcerated at LAC. That said, we rely on the rationale set forth in *Crawford*, where our Supreme Court determined that an arrest warrant does not amount to a detainer unless it is based upon an untried indictment, information, or complaint. *Crawford*, 669 N.E.2d at 149. The *Crawford* court went on to observe that "a complaint must be more than just the affi-davit upon which an arrest warrant is based," and such a "conclusion comports with the general trend of the federal courts to give the term 'detainer' a narrow scope." *Id.*

Here, the arrest warrant that the trial court had issued was the result of Robinson's failure to appear, and it was not predicated on any untried charges. In light of these circumstances, it is our view that more than the issuance of an arrest warrant is necessary to comport with the purposes of the IAD. Indeed, county personnel must make a determination as to what resources they wish to spend to secure the return of fugitives, either by detainer or extradition. Finding that an arrest warrant is equivalent to a detainer for purposes of the IAD will place an undue burden on counties that have scant resources to transport and try fugitives who are facing only minor criminal charges. If the prosecutor does not file a formal detainer, the incarcerated defendant does not suffer the consequences thereof while imprisoned and the prosecutor's decision to permit the case to go unresolved is of no consequence. It may be that the defendant will face the charge at some later time if he returns to the jurisdiction, or it could be that he faces more serious charges in another jurisdiction where there is the likelihood that he will serve a lengthy prison sentence. Simply put, the filing of a formal detainer evidences a prosecutor's clear intention to have the defendant transported from the other jurisdiction and brought to trial.

Here, because the Clark County Prosecutor had not filed a formal detainer, Robinson could not avail himself of the 180–day time limit set forth in the IAD. As a result, we conclude that the trial court erred when it dismissed the charges pending against Robinson. Thus, we reverse the grant of Robinson's motion to dismiss

and remand this cause to the trial court with instructions that the charge be reinstated.[4]

Reversed and remanded.

DARDEN, J., and ROBB, J., concur.

---

4. As an aside, even if we were to assume solely for argument's sake that a proper detainer *had* been lodged against Robinson, fault lies with the Kentucky prison officials because they never provided Robinson with the required documents to complete his request for final disposition. We cannot say that the delay on the part of the Kentucky officials should be attributed to the Clark County prosecutor with regard to the 180–day time limit under the IAD.