STATE of Indiana, Appellant–Plaintiff,

v.

Christopher SMITH, Appellee–Defendant.

No. 45A05–0707–CR–398.

Court of Appeals of Indiana.

March 7, 2008.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Thomas W. Vanes, Office of the Public Defender, Crown Point, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-plaintiff State of Indiana (the State) appeals the trial court's grant of appellee-defendant Christopher Smith's motion to dismiss pending criminal charges based on an alleged violation of the Interstate Agreement on Detainers Act (IAD).[1] Specifically, the State argues that the trial court's grant of the motion to dismiss was premature because Smith failed to comply with the provisions regarding his request for a final disposition of charges pursuant to the IAD. Concluding that the trial court erred in granting Smith's motion to dismiss, we reverse.

### FACTS

On March 23, 2005, the State charged Smith with three counts of dealing in cocaine, a class A felony, maintaining a common nuisance, a class D felony, and possession of marijuana, a class A misdemeanor. That same day, the trial court issued an arrest warrant for Smith.

---

1. Ind.Code § 35–33–10–4.

Sometime in August 2005, the Lake County Prosecutor's Office received information that Smith was in the custody of authorities in Macon County, Illinois. In January 2006, Illinois authorities notified the Lake Superior Court that Smith was serving a five-year sentence and was being held at the Graham Correctional Facility Center, a reception and diagnostic center for the Illinois Department of Correction. The State responded that it would pursue extradition proceedings and placed a detainer on Smith.

On June 1, 2006, Smith filed a demand for final disposition under the IAD, using pre-printed forms that were provided by the Shawnee Correctional Facility in Vienna, Illinois. These forms were entitled "Prisoner's Request For Final Disposition Of Out–Of–State Charges/Detainers" and "Notice of Filing & Proof of Service Per Agreement on Detainers." Appellant's App. p. 21–22. Smith signed the forms and submitted them to the prison librarian who notarized the signatures. Thereafter, on January 16, 2007, the trial court received the "Inmate's Notice of Place of Imprisonment" and "Request for Disposition of Indictments, Informations, or Complaints." *Id.* at 15, 18. The warden of the Shawnee Correctional Center had issued the certificate of Smith's status on January 11, 2007.

The State filed its petition for extradition on January 17, 2007, and it agreed to accept temporary custody of Smith on February 23, 2007. Smith was transported to Lake County, and his initial hearing on the instant charges was conducted on March 1, 2007.

On March 9, 2007, Smith filed a motion to dismiss based on an alleged IAD violation. Specifically, Smith alleged in part that:

6. On or before 06/01/06, the Defendant did all that he could from Vienna, Illinois, to effectuate his demand under IAD.

7. That 06/01/06 was the triggering of the statutory . . . 180 day time period.

8. That far more than . . . 180 days have elapsed without the Defendant's being brought to trial.

9. That no trial date that can be set hereafter can be in compliance with IAD.

10. That just as in *Ward v. State*, 435 N.E.2d 578 (Ind.Ct.App.1982), the Defendant gave both actual and constructive notice, and any hyper-technical paper problem with said filing or failure of any prison official to comply with the mandate of IAD cannot be contributed to the Defendant herein.

11. That through absolutely no fault of his own, the Defendant has not been tried within . . . 180 days; that the State cannot and should not be allowed to extinguish his right to said Speedy Trial and defeat IAD.

*Id.* at 31.

At a hearing that was conducted on June 22, 2007, Smith maintained that he had sent a letter on April 21, 2006, to the Lake County Sheriff's Department, expressing his desire to "squash the warrant." Ex. 1. Smith also presented the "Request for Final Disposition of Out–of–State Charges/Detainers" form that was signed and notarized on June 1, 2006. However, that document did not include a date in the certificate of service area of the request. Following the hearing, the trial court granted Smith's motion to dismiss, and the State now appeals.

## DISCUSSION AND DECISION

██ In addressing the State's claim that the trial court erroneously granted Smith's motion to dismiss, we initially observe that the ruling on a motion to dismiss under the IAD is a question of law to be reviewed de novo upon appeal, but the findings underlying the ruling are reviewed pursuant to a clearly erroneous standard. *State v. Robinson*, 863 N.E.2d 894, 896 (Ind.Ct.App.2007), *trans. denied.*

██ The IAD is an agreement among most of the United States, including Indiana and Illinois, that provides for the return of prisoners so that pending charges from another jurisdiction can be resolved. I.C. § 35–33–10–4. In essence, the purpose of the IAD is to encourage the expeditious and orderly disposition of outstanding charges against persons already incarcerated in other jurisdictions. *Robinson*, 863 N.E.2d at 896. The IAD requires that a defendant be brought to trial "within 180 days" after he or she has

> [c]aused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint.

I.C. § 35–33–10–4(a). The request must also be accompanied "by a certificate of the appropriate official having custody of the prisoner." *Id.* Moreover, section 4(b) of the statute specifically sets forth the procedure for causing written notice of a request for final disposition to be delivered to the appropriate officials.[2] The procedures set forth in the IAD are not mere technicalities; thus, strict compliance is re-

quired. *State v. Greenwood*, 665 N.E.2d 579, 582 (Ind.1996).

In construing the terms "cause to be delivered," under the IAD statute, the United States Supreme Court in *Fex v. Michigan*, 507 U.S. 43, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993), determined that the 180–day period does not commence "until the prisoner's request for final disposition of the charges against him has actually been *delivered to the court and prosecuting officer[.]*" *Id.* at 52, 113 S.Ct. 1085 (emphasis added).

In this case, while Smith's completion of the form on June 1, 2006, contains an ostensible notice of his incarceration at the Shawnee Correctional Center, it does little else. Indeed, the document contains no evidence that it was ever served on either the custodians of the Shawnee Correctional Facility, the Indiana trial court, or the Lake County Prosecutor's Office. Also, even though the document was signed before a notary, it bears no date on the certificate of service. Therefore, the document does not indicate when it was eventually given to custodial authorities or delivered to the Indiana authorities. Moreover, the supervisor of the Records Office at the Shawnee Correctional Facility affirmed that the record office did not receive Smith's purported request until November 26, 2006. State's Ex. 2.

In our view, the January 16, 2007, delivery of the necessary IAD documents to the trial court and the prosecutor commenced the 180–day period. And, in accordance with the pronouncement in *Fex*, that time period would expire in July 2007, yet the record shows that Smith's motion was filed only fifty-two days into that period. In

---

**2.** Indiana Code section 35–33–10–4(b) provides that "[t]he written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of correction or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested."

essence, Smith's failure to notify either the custodial party or the Indiana authorities of his desire to be returned to Indiana to resolve the present case belies his claim that the 180–day period began with the simple execution of the June 1, 2006, document. *See Greenwood*, 665 N.E.2d at 582 (holding that the defendant's failure to notify the custodial authorities of his desire to be returned to Indiana to answer pending charges was insufficient to trigger the 180–day period).

Notwithstanding the above, Smith directs us to *Ward v. State*, 435 N.E.2d 578 (Ind.Ct.App.1982), in support of his proposition that he complied with the IAD statute. In *Ward*, it was established that the defendant worked through his case manager, the individual at the correctional facility, who was responsible for the prisoner's compliance with the IAD provisions. *Id.* at 580. The trial court denied the defendant's motion to dismiss the charges. On appeal, this court reversed, finding that Ward's notification to his case manager that he desired to commence IAD proceedings was sufficient to trigger the 180–day period because Ward had performed all of the tasks that he was permitted to do. *Id.* at 581.

Even assuming that *Ward* applies in some instances, there is no evidence in this case that Smith communicated with any custodial authority—such as a case manager—who was responsible for receiving and forwarding IAD documents to the proper governmental agencies that would trigger the time period set forth in the IAD. At most, Smith had a librarian notarize his signature and he has failed to demonstrate that the librarian occupied the same position as Ward's case manager who was responsible for the prisoners' detainers and extraditions. And, unlike Ward, who had done all that he could do to commence the IAD process, Smith simply completed

a form, had it notarized, and left it with the prison librarian. In essence, Smith has not established that his notification to the librarian of his desire to return to Indiana to answer pending charges were sufficient to trigger the IAD. Therefore, because Smith failed to comply with the requirements of the IAD, we conclude that the 180–day period did not commence in this case until January 16, 2007—the date that Smith's notice was delivered to the trial court and the prosecutor's office. Thus, the trial court erred in granting Smith's motion to dismiss.

The judgment of the trial court is reversed.

DARDEN, J., and BRADFORD, J., concur.