COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia

DONALD LAMONT SMITH

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2170-09-2                     JUDGE D. ARTHUR KELSEY
                                                       DECEMBER 14, 2010
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                        Frederick G. Rockwell, III, Judge

            J. Martelino, Jr., for appellant.

            Eugene Murphy, Senior Assistant Attorney General
            (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
            appellee.


        The trial court permitted Donald Lamont Smith to enter a conditional guilty plea under

Code § 19.2-254 to the charges of statutory burglary and four counts of forgery, thereby

preserving his right to challenge on appeal a pretrial denial of his motion to dismiss on speedy

trial grounds. Smith pled not guilty to grand larceny. The trial court convicted Smith of all

charges. We affirm Smith's convictions, concluding the trial court correctly denied the motion

to dismiss.

                                            I.

        Shortly after Smith committed these offenses in May 2007, a Chesterfield County

magistrate issued warrants for his arrest. At the time the warrants were issued, Smith was

incarcerated in North Carolina for unrelated offenses. Virginia authorities lodged a detainer with

the State of North Carolina. In October 2007, while in North Carolina's custody, Smith wrote

the Chesterfield Commonwealth Attorney requesting a speedy trial under the Interstate

Agreement on Detainers (IAD), Code §§ 53.1-210 to 53.1-215. The preprinted form executed by

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Smith demanded a "final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against [Smith] from your state." The Chesterfield Commonwealth Attorney denied the request because the arrest warrants were not indictments, informations, or complaints under the IAD.

After completing his North Carolina sentence, Smith was extradited to Virginia in January 2009 and arrested at that time on the outstanding warrants. The general district court conducted a preliminary hearing in April 2009. After the grand jury indicted Smith in May 2009, he moved to dismiss the charges as untimely under the IAD as well as the federal and state constitutions. In June 2009, the trial court denied the motion to dismiss, accepted Smith's conditional guilty plea on several charges, and ultimately found Smith guilty of all charges.

II.

A. SPEEDY TRIAL UNDER THE IAD

On appeal, Smith argues the trial court erred in denying his motion to dismiss because Article III of the IAD required his Virginia charges be brought to trial within 180 days of his 2007 written demand for a speedy trial. See Code § 53.1-210, Art. III(a). We disagree.

The 180-day limitation of Article III applies only to a demand for speedy resolution of "any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner." Code § 53.1-210. The demand form used by Smith reiterates this point. In Locklear v. Commonwealth, 7 Va. App. 659, 663, 376 S.E.2d 793, 795 (1989),[1] we held an *arrest warrant* is not an indictment, information, or complaint as those terms are used in

_____

[1] Smith argues Locklear was wrongly decided and urges us to overrule the case. Under the interpanel accord doctrine, however, the "decision of one panel 'becomes a predicate for application of the doctrine of *stare decisis*' and cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court." Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003) (citation omitted); see also Congdon v. Congdon, 40 Va. App. 255, 265, 578 S.E.2d 833, 838 (2003).

the IAD.  See Valentine v. Commonwealth, 18 Va. App. 334, 337-38, 443 S.E.2d 445, 446-47 (1994).  "If an accused is returned merely upon an arrest warrant, the statutory period does not begin to run because the legislature chose terms of art when it said 'indictment, information or complaint.'"  John L. Costello, Virginia Criminal Law & Procedure § 52.7[4], at 874 (4th ed. 2008) (citing Locklear, 7 Va. App. at 663, 376 S.E.2d at 795).[2]  The IAD, therefore, was not triggered by Smith's 2007 written demand for a speedy trial.

### B.  SPEEDY TRIAL UNDER THE SIXTH AMENDMENT

Smith also argues the delay in bringing him to trial on the Virginia charges violated his Sixth Amendment right to a speedy trial.[3]  Agreeing with the trial court, we find no violation of the Sixth Amendment.

The Sixth Amendment does not apply *prior* to the time a suspect is "placed under arrest," Fowlkes v. Commonwealth, 218 Va. 763, 766, 240 S.E.2d 662, 664 (1978), or subject to a "formal indictment or information," United States v. Marion, 404 U.S. 307, 320 (1971); see also Holliday v. Commonwealth, 3 Va. App. 612, 616, 352 S.E.2d 362, 364 (1987).  Accord Jones v. Angelone, 94 F.3d 900, 901 (4th Cir. 1996) (holding due process principles, not the Sixth Amendment, governed delay between the filing of unexecuted arrest warrants "serv[ing] as detainers" and the actual arrest years later on those warrants).[4]  When an arrest precedes an

---

[2] See also State v. Robinson, 863 N.E.2d 894, 897 (Ind. Ct. App. 2007); State v. Carlton, 583 S.E.2d 1, 3 (Ga. 2003); Crawford v. State, 669 N.E.2d 141, 149 (Ind. 1996); Blakey v. Dist. Court, 755 P.2d 1380, 1384 (Mont. 1988).

[3] Smith also asserts a violation of his right to a speedy trial under Article 1, § 8 of the Virginia Constitution.  Because both state and federal constitutions guarantee the same right, we apply the same analysis to each.  See Riddick v. Commonwealth, 22 Va. App. 136, 144 n.3, 468 S.E.2d 135, 139 n.3 (1996); Holliday v. Commonwealth, 3 Va. App. 612, 615-16, 352 S.E.2d 362, 364 (1987).

[4] "An arrest warrant itself, without its being served, has never in our review of the precedents been declared an 'accusation' for Sixth Amendment purposes."  Stokes v. State, 758 So. 2d 452, 455 (Miss. Ct. App. 2000); see also United States v. Ramos, 586 F.2d 1078, 1079

indictment or information, the United States Supreme Court has expressly declined "to extend the reach of the [Sixth] [A]mendment to the period prior to arrest." Marion, 404 U.S. at 321; see also Jones, 94 F.3d at 906 n.6.

In this case, Smith's trial took place about one month after his indictment and five months after his arrest — well within the statutory period of Code § 19.2-243 and thus presumptively timely under the Sixth Amendment. Prosecutions conducted with "customary promptness," Doggett v. United States, 505 U.S. 647, 652 (1992), cannot be deemed constitutionally tardy. See Barker v. Wingo, 407 U.S. 514, 530 (1972) (treating the "length of delay" as a "triggering mechanism" for the Sixth Amendment analysis); United States v. Grimmond, 137 F.3d 823, 827 (4th Cir. 1998) (noting "if the delay is not uncommonly long, the inquiry ends there").

In addition, Smith has not alleged any prejudice arising out of the delay between his arrest in January 2009 and his trial in June 2009.[5] "A showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause, and that necessary ingredient is entirely missing here." Reed v. Farley, 512 U.S. 339, 353 (1994). "If the delay is not shown to be 'presumptively prejudicial,' there is no necessity for 'inquiry into the other factors that go

_____

(5th Cir. 1978) (rejecting "assumption that the right arose when the arrest warrant was issued" because it "is squarely refuted by case law, which holds that actual arrest or earlier indictment triggers the right to a speedy trial"); State v. Utley, 956 S.W.2d 489, 492-93 (Tenn. 1997).

In his brief, Smith relies on Smith v. Hooey, 393 U.S. 374 (1969), a detainer case applying Sixth Amendment principles to the speedy trial issue. In Hooey, however, the detainer was based upon an indictment. Cf. Miller v. Commonwealth, 29 Va. App. 625, 632, 513 S.E.2d 896, 900 (1999) (assuming *arguendo* the defendant's assertion "on brief that her 'right to a speedy trial . . . were [sic] triggered . . . when the detainer was lodged'" and then rejecting her speedy trial argument on the merits without discussing whether the detainer was based upon an indictment or merely an arrest warrant).

[5] The defendant bears the burden of proving prejudice "and not its mere possibility." Kelley v. Commonwealth, 17 Va. App. 540, 547, 439 S.E.2d 616, 620 (1994). "Proving only a 'possibility of prejudice is not sufficient to support' a speedy trial right violation." Id. (quoting United States v. Loud Hawk, 474 U.S. 302, 315 (1986)).

into the balance.'" Riddick v. Commonwealth, 22 Va. App. 136, 144, 468 S.E.2d 135, 139 (1996) (quoting Fowlkes, 218 Va. at 766, 240 S.E.2d at 664). And where, as here, a prosecution "results in a trial on the merits within the statutorily described time" under Code § 19.2-243, there can be no "presumption of prejudice." Sheard v. Commonwealth, 12 Va. App. 227, 231, 403 S.E.2d 178, 180 (1991) (citation omitted).

### C. SPEEDY TRIAL UNDER DUE PROCESS PRINCIPLES

Finally, Smith contends due process principles required the trial court to dismiss his charges as constitutionally untimely. We again disagree.

Due process principles govern speedy trial claims arising out of delays "prior to arrest or indictment," United States v. MacDonald, 456 U.S. 1, 7 (1982), but these principles nevertheless have "a limited role to play in such situations," Morrisette v. Commonwealth, 264 Va. 386, 393, 569 S.E.2d 47, 52 (2002) (citing United States v. Lovasco, 431 U.S. 783, 789 (1977)). Due process bars a prosecution "only when the 'defendant incurred actual prejudice as a result of the delay' *and* the 'prosecutor intentionally delayed indicting the defendant to gain a tactical advantage.'" Anderson v. Commonwealth, 48 Va. App. 704, 712, 634 S.E.2d 372, 376 (2006) (citing Morrisette, 264 Va. at 393, 569 S.E.2d at 52) (emphasis added).

In this case, Smith neither alleged nor proved prosecutorial bad faith — an essential showing for due process purposes. Thus, his speedy trial claim based upon this constitutional ground must likewise fail.

### III.

For these reasons, the trial court did not err by denying Smith's motion to dismiss the indictments as violative of his speedy trial rights. We thus affirm his convictions.

Affirmed.