## 77588. NEWT v. THE STATE.
(379 SE2d 11)

BENHAM, Judge.

In this appeal from appellant's conviction for armed robbery, the only issue presented for appellate review is whether the trial court erred in denying appellant's plea in bar in which he asserted that the indictment should be dismissed because he was not notified by Tennessee authorities as required by the Interstate Agreement on Detainers (OCGA § 42-6-20) that a detainer had been filed against him in Tennessee by Georgia authorities. Even assuming that a delay in notification by Tennessee authorities would be a basis for dismissal of a Georgia indictment, appellant's argument fails because the filing on which he relies did not come within the scope of the Agreement.

On February 20, 1986, a warrant was issued accusing appellant of an armed robbery which occurred the preceding day. On December 16, 1986, police officers from Trenton, Georgia, appeared in a court in Tennessee before which appellant had been called, and filed on a computer system in Tennessee information concerning the outstanding warrant against appellant. An indictment against appellant for that armed robbery was returned on October 12, 1987, and a detainer was filed against him on January 5, 1988. Appellant made a timely request for disposition of the charges against him and was returned to Georgia for trial, which resulted in his conviction for armed robbery.

The basis of appellant's contention that the Interstate Agreement on Detainers was violated is his position that the December 1986 notification by Georgia authorities constituted a detainer within the meaning of the Agreement. However, the Supreme Court of Georgia has made it clear that "the statute by its terms relates only to an 'untried indictment, information or complaint,' and does not apply to warrants for arrest. . . ." *Suggs v. Hopper*, 234 Ga. 242, 243 (215 SE2d 246) (1975). Since there was no untried indictment against appellant when the 1986 notification was made, there was no detainer within the meaning of the Agreement, and appellant is entitled to no relief.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 14, 1989.

*Rick L. Camp*, for appellant.
*David L. Lomenick, Jr.*, District Attorney, *James D. Franklin*, Assistant District Attorney, for appellee.