S02G1175. THE STATE v. CARLTON.
(583 SE2d 1)

HINES, Justice.

We granted certiorari to the Court of Appeals in *Carlton v. State,* 254 Ga. App. 653 (563 SE2d 521) (2002), to consider its determination in Division 2 that a detainer based on an arrest warrant for pending criminal charges triggers the protections of the Interstate Agreement on Detainers ("IAD"), OCGA § 42-6-20.[1] For the reasons which follow, we conclude that the IAD does not apply to arrest warrants, and we reverse the judgment of the Court of Appeals.

The relevant facts are set forth in the opinion of the Court of Appeals. Walker County lodged a detainer against federal prisoner Thomas Carlton with the Federal Bureau of Prisons based on a warrant for Carlton's arrest for violation of the Georgia Controlled Substances Act by possession of methamphetamine. The arrest warrant was based upon an affidavit and signed by a magistrate. It was forwarded to the original federal correctional facility having custody of Carlton by letter from the Walker County Sheriff's Office. The letter, which was signed by the warrant officer, related information about Carlton and stated:

> Enclosed is a certified copy of an arrest warrant on file at the WALKER COUNTY SHERIFF'S DEPARTMENT, LAFAYETTE, GA. Please accept this letter and copy of the warrant

---

[12] See *Nelson,* 275 Ga. at 794.

[1] In Division 1 of its opinion, the Court of Appeals declined to rule on any procedural issue regarding the service of Carlton's IAD request, after determining that such issue was not properly before it. Division 1 is not addressed in this granted certiorari, nor is any question of jurisdiction regarding Carlton's initial right to a direct appeal to the Court of Appeals.

as a detainer on the above named subject. Please advise when this subject is ready to be released from your facility. We will pick up subject.

In response, Carlton demanded final disposition of the "indictments, informations, or complaints" pending against him. A federal correctional officer forwarded Carlton's demand by letter, sent certified mail, to the district attorney. The letter was received by the clerk of the superior court and filed. When Carlton's demand for disposition of the pending charges was not acted upon in the 180-day time frame provided in Art. III of the IAD, he moved for dismissal of the charges as provided in the IAD. The trial court denied the motion to dismiss on the ground that the IAD did not apply to cases in the warrant stage, that it required a formal charging instrument, i.e., an indictment or its equivalent. Following the grant of Carlton's motion for an out-of-time appeal, he filed a direct appeal to the Court of Appeals.

The Court of Appeals reversed the judgment of the trial court, finding that the detainer based on the arrest warrant invoked the protections of the IAD.[2] The Court found that the purpose and legislative history of the IAD demonstrated that the drafters intended for it to include protections for detainers based on arrest warrants. It concluded that a Georgia arrest warrant meets all the criteria of a "complaint," as used in the IAD, that is, that such a warrant is the functional equivalent of a "complaint" for purposes of the IAD. But the analysis employed by the Court of Appeals is flawed and its ultimate conclusion unsound.

A majority of the states along with the Federal Government and the District of Columbia have entered into the Interstate Agreement on Detainers, an interstate compact. *Alabama v. Bozeman,* 533 U. S. 146, 148 (121 SC 2079, 150 LE2d 188) (2001). The IAD "creates uniform procedures for lodging and executing a detainer, i.e., a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." Id. The purpose of the IAD is stated in OCGA § 42-6-20 (Art. I): "to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, information or complaints." If a prisoner complies with the notice requirements of the IAD and the receiving state fails to bring the prisoner to trial within the statutory

---

[2] In so doing, the Court of Appeals overruled *Newt v. State,* 190 Ga. App. 301 (379 SE2d 11) (1989), concluding that it conflicted with this Court's interpretation of the IAD in *Suggs v. Hopper,* 234 Ga. 242, 243 (215 SE2d 246) (1975).

time frame, the court in the receiving state must dismiss with prejudice the "indictment, information or complaint" on the basis of which a detainer has been lodged against the prisoner. Id. (Art. III (a) & (d)).

It necessarily follows that a prisoner's request for final disposition triggers the requirements of the IAD only if the request is in response to a detainer lodged against the prisoner on the basis of an "untried indictment, information or complaint." Id.; see *Crawford v. State*, 669 NE2d 141 (Ind. 1996). Thus, the fact that the Walker County Sheriff's Office intended the arrest warrant for Carlton for violation of the Georgia Controlled Substances Act to serve as an instrument to detain him did not render the arrest warrant a detainer under the auspices of the IAD unless it was based on an untried indictment, information, or complaint. OCGA § 42-6-20 (Art. III (a) & (d)); *Crawford v. State*, supra at 147.

Recognizing this and the fact that there was no indictment or other formal charging instrument pending against Carlton, the Court of Appeals likened the arrest warrant to a "complaint" under the IAD; indeed, it found the arrest warrant to be its "functional equivalent." *Carlton v. State*, supra at 657. The Court of Appeals reached this conclusion based, in large measure, on a definition of "complaint" contained in Black's Law Dictionary (6th ed.).[3] This definition more closely fits that of the affidavit upon which an arrest warrant is based rather than the warrant itself. However, inasmuch as the IAD is an interstate compact it is subject to federal construction. *Cuyler v. Adams*, 449 U. S. 433, 438 (101 SC 703, 66 LE2d 641) (1981). Thus, the Court of Appeals's reliance on a dictionary definition was misplaced.

Federal Rule of Criminal Procedure 3 states: "The complaint is a written statement of the essential facts constituting the offense charged. It must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer." Under the Federal Rules of Criminal Procedure, the complaint is a charging document and the trial of a misdemeanor may proceed on a complaint, as well as on an indictment or information. See Fed. R.

---

[3] The following is the definition relied upon by the Court of Appeals:
a charge, preferred before a magistrate having jurisdiction, that a person named (or an unknown person) has committed a specified offense, with an offer to prove the fact, to the end that a prosecution may be instituted. The complaint can be "taken out" by the victim, the police officer, the district attorney, or other interested party. Although the complaint charges an offense, an indictment or information may be the formal charging document. The complaint is a written statement of the essential facts constituting the offense charged. In the federal courts, it is to be made upon oath before a magistrate. Fed. R. Crim. P. 3. If it appears from the complaint that probable cause exists that the person named in the complaint committed the alleged crime, a warrant (q.v.) for his arrest will be issued. Fed. R. Crim. P. 4.

Crim. P. 58 (b) (1). Therefore, a complaint stands upon equal footing with an indictment or information as demonstrating pending charges upon which trial may be had.

Also a common sense reading of Art. III of the IAD dictates that a complaint must be a charging instrument upon which an individual can go to trial. The use of the word "untried" as a qualifier for all three terms, "indictment, information, and complaint," logically compels the conclusion that one must be able to be tried on each. OCGA § 42-6-20 (Art. III (a) & (d)); see *Crawford v. State*, supra at 148. There is no question that in this State one cannot be tried upon an arrest warrant. Moreover, if trial is not had on the untried indictment, information, or complaint as provided in the IAD, the court is to enter an order "dismissing the same with prejudice." OCGA § 42-6-20 (Art. III (a) & (d)). Such a dismissal simply does not lend itself to an arrest warrant. See *Crawford v. State*, supra at 148.

The federal courts have tended to narrowly construe what constitutes a detainer for purposes of the IAD. See *United States v. Hall*, 974 F2d 1201 (9th Cir. 1992) (IAD not applicable where government had filed no indictment, information, or complaint); *Carchman v. Nash*, 473 U. S. 716 (105 SC 3401, 87 LE2d 516) (1985) (IAD Art. III does not apply to detainers based upon probation violation charges); *United States v. Bottoms*, 755 F2d 1349 (9th Cir. 1985) (detainer based upon arrest warrant not subject to IAD); *United States v. Mauro*, 436 U. S. 340 (98 SC 1834, 56 LE2d 329) (1978) (writ of habeas corpus ad prosequendum not a detainer under IAD).

Even in one of the few state jurisdictions in which an arrest warrant has been found to trigger the provisions of the IAD, the wisdom of such a determination has been called into question. The Supreme Court of Tennessee observed that although the general practice of state prosecutors was to attempt to lodge a detainer based upon an arrest warrant,

> the better view and the more consistent interpretation of the [IAD] is that an untried "indictment, information or complaint" is a charging instrument upon which the requesting state may proceed to trial, and not merely a warrant of arrest. . . . Proceeding on a bare warrant . . . obviously can produce situations of unusual complexity. . . .

*State v. Moore*, 774 SW2d 590, 597 (Tenn. 1989).

While it may be common practice for the State to attempt to detain a prisoner based upon an arrest warrant for other charges, as in this case, this Court must conclude that an arrest warrant, in and of itself, is insufficient to invoke the speedy trial protections of the IAD.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 30, 2003.

*Herbert E. Franklin, Jr.,* District Attorney, *Chris A. Arnt,* Assistant District Attorney, for appellant.
*Albert L. Watson III,* for appellee.