A03A1804. SMITH v. THE STATE.
(597 SE2d 414)

SMITH, Chief Judge.
In this pro se appeal, Robert Frank Smith challenges the trial court's denial of his demand for a speedy trial. We find that the trial court did not fully and completely address the merits of Smith's demand because the court did not consider it under the federal constitution. We therefore remand this case with direction for the court to do so.

This case has a somewhat tortuous procedural history. On October 28, 2001, Smith was arrested based on three criminal warrants charging him with terroristic threats and acts, aggravated assault, and criminal trespass. At the time of his arrest, Smith was on probation for a theft offense. Smith claims that the new charges resulted in the revocation of his probation and his incarceration.

On November 16, 2001, Smith filed a pro se motion for a probable cause hearing. The trial court denied Smith's motion because no indictment or accusation was yet pending. On January 14, 2002, Smith filed a pro se statutory demand for a speedy trial. The trial court denied the demand, finding that it was premature under OCGA § 17-7-170 because no indictment or accusation was yet pending. Smith next filed a pro se "Multi-Count Demand by Accused for Speedy Trial" on December 26, 2002. In this demand, Smith, for the first time, asserted that "this defendant has a constitutional right to a speedy trial, which attachs [sic] upon arrest, accusation, or indictment."

On February 4, 2003, the trial court entered another order denying Smith's multi-count demand as "premature" under OCGA § 17-7-170. The court found "that said charges have neither been indicted or accused in the Superior Court of Coffee County." On February 10, 2003, Smith filed a motion requesting the trial court to reconsider his previously filed statutory demands for speedy trial and to bring him before the court to enter a plea in bar. The trial court denied the motion.

Smith filed a notice of appeal in the Georgia Supreme Court on February 26, 2003, in which he stated that he was appealing the trial court's February ruling denying his "demand for speedy trial," as well as the trial court's January 31 ruling denying his "constitutional right to demand a speedy trial." Finding that Smith's appeal did not invoke its appellate jurisdiction, the Supreme Court transferred the case to this court on April 29, 2003. In this appeal, Smith asks this court to review the denial of his demand and to enter an order directing the trial court to dismiss the charges pending against him.

1. Smith contends that the trial court erred by finding that his statutory demand was premature. He claims that after an accused makes a demand, a trial court cannot make a "quasi discretionary determination" to deny that demand.

The demand statute codified at OCGA § 17-7-170 (a) provides:

> Any person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting the person's life may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter; or, by special permission of the court, he or she may at any subsequent

court term thereafter demand a trial. In either case, the demand for trial shall be filed with the clerk of court and served upon the prosecutor and upon the judge to whom the case is assigned or, if the case is not assigned, upon the chief judge of the court in which the case is pending. The demand shall be binding only in the court in which the demand is filed, except where the case is transferred from one court to another without a request from the defendant.

Here, it is undisputed that no indictment had yet been returned nor had an accusation been filed with the clerk. Nor did the trial court grant special permission for such demand. Accordingly, Smith's statutory demand for a speedy trial was premature. See *Groom v. State*, 212 Ga. App. 133, 134 (441 SE2d 259) (1994).

2. Smith contends that the trial court erred by failing to find that the warrants pending in superior court constituted the preferring of criminal charges against him. He points out that when he inquired of the Coffee County Superior Court Clerk as to the "status of pending charges," the clerk's office responded, "these warrants are still pending in the superior court." He claims that once criminal charges are filed in the office of the clerk of the superior court, the right of an accused to demand a speedy trial attaches.

Smith's effort to circumvent the express terms of the demand statute is unpersuasive. Smith cites no authority and we have found none holding that the filing of an arrest warrant commences prosecution for purposes of asserting a statutory demand under OCGA § 17-7-170. See, e.g., *State v. Carlton*, 276 Ga. 693, 696 (583 SE2d 1) (2003) (arrest warrant insufficient to invoke speedy trial protections of the Interstate Agreement on Detainers). On the contrary, the demand statute explicitly requires the filing with the clerk of a "true bill of indictment or an accusation." OCGA § 17-7-170 (a). Here, neither had yet been filed.

3. In his second and fourth enumerations of error, Smith contends that his Sixth Amendment right to a speedy trial was violated. The State asserts that Smith "has never raised the issue of his constitutional speedy trial rights in the trial court. Therefore, this issue is not ripe for review." See *Roberson v. State*, 228 Ga. App. 416, 420 (3) (491 SE2d 864) (1997) (appellate review foreclosed where issue not presented to trial court for definitive ruling).

The record belies the State's position. The record indicates that Smith raised the constitutional grounds in his "Multi-Count Demand by Accused for Speedy Trial" filed in December 2002 in which he claimed "this defendant has a constitutional right to a speedy trial." Smith's notice of appeal derives in part from the February 2003 order in which the trial court rejected Smith's "Multi-Count Demand by

Accused for Speedy Trial," as being "premature per OCGA § 17-7-170." While that ruling is correct as to the statutory demand, the trial court overlooked or failed to consider Smith's constitutional argument. Unlike the statutory protections conferred by OCGA §§ 17-7-170 and 17-7-171 that attach with formal indictment or accusation, the Sixth Amendment provides constitutional protection over and above the statutory provisions and under that amendment, the right to a speedy trial attaches upon arrest and can be asserted thereafter. *Andrews v. State*, 175 Ga. App. 22, 23 (332 SE2d 299) (1985); *Glidewell v. State*, 169 Ga. App. 858, 860 (314 SE2d 924) (1984) (right to due process under Fifth Amendment applies to pre-indictment delay).

Here, the record clearly establishes that Smith did, in fact, assert his constitutional rights to a speedy trial and that the constitutional grounds apparently were not ruled upon. We therefore direct the trial court on remand to reach the merits of Smith's constitutional claims under the analytical framework in *State v. Bazemore*, 249 Ga. App. 584, 585-587 (1) (549 SE2d 426) (2001). See *Haisman v. State*, 242 Ga. 896, 897 (2) (252 SE2d 397) (1979) (Sixth Amendment requires balancing test that weighs four factors).

*Judgment vacated and case remanded with direction. Ruffin, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 9, 2004 —
RECONSIDERATION DENIED MARCH 25, 2004.

Robert F. Smith, *pro se.*
Richard E. Currie, District Attorney, Allen R. Knox, Assistant District Attorney, for appellee.