A05A1930. SMITH v. THE STATE.
(626 SE2d 540)

MIKELL, Judge.

On April 15, 2004, Robert Frank Smith filed a motion to dismiss "with prejudice" three outstanding warrants for terroristic threats, aggravated assault, and criminal trespass on the grounds that he had been denied his constitutional right to a speedy trial.[1] The trial court, in an order dated August 4, 2004, denied Smith's motion to dismiss, finding that Smith had failed to show (i) actual prejudice against him, (ii) anxiety due to the delay in prosecution, or (iii) some impairment to his defense. See, e.g., *State v. Bazemore*, 249 Ga. App. 584, 586 (1)

---

[1] This matter was previously before us in *Smith v. State*, 266 Ga. App. 529 (597 SE2d 414) (2004), in which we vacated the trial court's February 2003 order and directed the trial court to consider Smith's claim that his constitutional rights to a speedy trial had been violated. Id. at 531-532 (3).

(d) (549 SE2d 426) (2001) ("[p]rejudice is assessed in the light of the defendant's interests which the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize the defendant's anxiety and concern; and (3) to limit the possibility that the defense will be impaired"). The trial court further found that Smith "merely hopes to gain some tactical advantage in his efforts to obtain parole from his present incarceration by seeking to get these warrants dismissed."

Smith's notice of appeal states that he appeals from the order filed on August 4, 2004, denying his motion to dismiss with prejudice. However, in his pro se appellate brief, Smith fails to put forth any enumeration of error or argument which relates to the appealed order. Instead, Smith's brief is "in support of his out-of-time appeal denial," and pertains to a charge to which he had pled guilty and not to the three warrants which were the subject of his motion to dismiss.

Smith previously filed a 171-page appellate brief in this case. As this brief was in violation of our Rule 24 (f) limiting briefs in criminal appeals to 50 pages, we ordered Smith to file another brief by September 10, 2005, and he filed the brief currently before us on October 7, 2005. In view of the foregoing, we are not inclined to order Smith to file another brief.

> Accordingly, as [Smith] has provided this Court with neither enumerations of error nor arguments challenging the propriety of the . . . trial court's order denying his [motion to dismiss with prejudice], he has waived any such argument for purposes of this appeal. See Court of Appeals Rule 25. Having nothing before us to review, we affirm the decision of the trial court.

*Parham v. State*, 273 Ga. App. 681, 682 (616 SE2d 126) (2005). *Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 23, 2006.

Robert F. Smith, *pro se*.
*Richard E. Currie, District Attorney*, for appellee.