302 Ga. 295
FINAL COPY

S17A1020. FAZIO v. THE STATE.

BLACKWELL, Justice.

Stephen Fazio was convicted after a bench trial of driving under the influence of alcohol to the extent it was less safe to do so, in violation of OCGA § 40-6-391 (a) (1), and driving with an unlawful blood alcohol concentration, in violation of OCGA § 40-6-391 (a) (5). He now appeals, arguing that the trial court erred when it refused to suppress the results of his alcohol breath tests because, he contends, they were obtained in violation of the United States and Georgia Constitutions. Finding no error, we affirm.

1. Fazio was arrested following a road-block stop of his vehicle in Gwinnett County during the early morning hours of March 28, 2015. During the initial stop, the officer talked with Fazio and observed signs of intoxication, including slurred speech and the odor of alcohol. When Fazio failed several field sobriety tests, the officer placed Fazio under arrest, handcuffed him, and read

him the following Georgia "[i]mplied consent notice," as stated in OCGA § 40-5-67.1 (b) (2):

> Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.08 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your [breath] under the implied consent law?

Fazio verbally agreed to the breath test by saying "yes." The officer then escorted Fazio to an Intoxilyzer 9000 machine inside a police vehicle at the scene, prepared the machine, and instructed Fazio to take a deep breath and blow as hard as he could into the machine until told to stop. The officer obtained two breath samples from Fazio, both of which showed a blood alcohol level above the legal limit. At no point during the testing did Fazio express any objections or unwillingness to take the tests.

2. On appeal, Fazio makes several arguments as to why his motion to suppress should have been granted. All are without merit. First, he argues that the implied consent notice statute, OCGA § 40-5-67.1 (b), violates the constitutional prohibition of unreasonable searches and seizures under the Fourth Amendment and its Georgia analogue found in Article I, Section I, Paragraph XIII of the Georgia Constitution of 1983.[1] But in another case decided today, Olevik v. State, 302 Ga. 228, 234 (2) (b) (806 SE2d 505) (2017), we hold that the implied consent statute is not unconstitutional under the Fourth Amendment or Paragraph XIII because, even if the statute were coercive, police may obtain a breath test without a warrant as a search incident to arrest. See also Birchfield v. North Dakota, __ U. S. __ (136 SCt 2160, 2184 V (C) (3), 195 LE2d 560) (2016) (holding that a breath test (but not a blood test) can be conducted categorically, without a warrant, as a search incident to arrest).

Second, Fazio argues that the implied consent statute is unconstitutionally misleading and coercive on its face, in violation of due process. He asserts that the statute does not fully and accurately inform a suspect of his rights or the consequences of his refusal to consent to a breath test. But we consider and

_____

[1] Paragraph XIII contains the same language as the Fourth Amendment.

3

reject just such an argument in <u>Olevik</u>, holding that, although the statute may contain some deficiencies, "there is no evidence that OCGA § 40-5-67.1 (b) creates widespread confusion about drivers' rights and the consequences for refusing to submit to a chemical test or for taking and failing that test." See <u>Olevik</u>, 302 Ga. at 250 (3) (a). "Because we cannot assume that the implied consent notice standing alone will coerce reasonable people to whom it is read, [Fazio's] facial challenge fails." Id.

Finally, Fazio contends that the taking of a breath test violates his constitutional right against compelled self-incrimination because, he argues, a breath test requires the active participation of the suspect — blowing hard into a tube. See Ga. Const. of 1983, Art. I, Sec. I, Par. XVI. But, as Fazio concedes, he did not raise this constitutional argument below, and so we cannot review it on appeal. See <u>Amos v. State</u>, 298 Ga. 804, 807 (2) (783 SE2d 900) (2016) ("We have consistently adhered to the requirement that a constitutional challenge must be made as soon as possible." (citation and punctuation omitted)); <u>Bohannon v. State</u>, 269 Ga. 130, 137 (5) (497 SE2d 552) (1998) (declining to review a constitutional challenge to a statute because defendant's argument "was not properly raised before the trial court, and was not ruled on

4

by the trial court," even though other constitutional challenges to the same statute were preserved).[2]

Judgment affirmed. All the Justices concur.

---

[2] We note that, even if Fazio had preserved his compelled self-incrimination argument, it would not have benefitted him. We hold in Olevik that, while the taking of a breath test does implicate the right against self-incrimination under the Georgia Constitution, the implied consent statute, standing alone, is not unconstitutionally coercive. Olevik, 302 Ga. at 252 (3) (b). And Fazio, like the defendant in Olevik, has identified "no other factors surrounding his arrest that, in combination with the reading of the implied consent notice, coerced him into performing a self-incriminating act." Id. Thus, Fazio's self-incrimination claim would have failed.

Decided October 16, 2017.

OCGA § 40-5-67.1 (b); constitutional question. Gwinnett State Court.

Before Judge Bratton.

Lance W. Tyler, for appellant.

Rosanna M. Szabo, Solicitor-General, Samuel R. d'Entremont, Joelle M. Nazaire, Assistant Solicitors-General, for appellee.