**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE:** Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 12, 2018**

# In the Court of Appeals of Georgia

A18A1317. HOLLAND v. THE STATE.

BARNES, Presiding Judge.

Following the grant of his application for interlocutory review, Terry E. Holland appeals and contends that the trial court erred in denying his motion to suppress the results of his breath test. Holland essentially contends that his consent was not freely and voluntarily given because the Implied Consent notice was misleading and the officer's explanation was factually and legally inaccurate, and that in submitting to a breath test he was compelled to provide self-criminating evidence without the benefit of *Miranda* warnings. Following our review, we vacate the judgment and remand to the trial court for further proceedings consistent with this opinion.

In reviewing the grant or denial of a motion to suppress, we apply three fundamental principles as outlined by our Supreme Court:

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citation and punctuation omitted.) *Miller v. State*, 288 Ga. 286, 286 (1) (702 SE2d 888) (2010). However, "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations and punctuation omitted.) *Williams v. State*, 327 Ga. App. 239, 239-40 (758 SE2d 141) (2014).

In applying these principles, we note that the evidence demonstrates that on October 25, 2015, a law enforcement officer initiated a traffic stop upon Holland for failing to heed a stop sign and for swerving across a double yellow line. When the

2

officer walked to Holland's vehicle and began talking with Holland, the officer noticed that Holland's eyes were bloodshot and glassy, and that Holland's breath had an odor of an alcoholic beverage. At the officer's request, Holland blew into an alco-sensor, which registered positive for alcohol. The officer conducted field sobriety tests upon Holland, and observed 6 out of 6 clues on the horizontal gaze nystagmus, 4 out of 8 clues on the walk and turn, and 1 out of 4 clues on the one leg stand. According to the officer, the number of clues exhibited by Holland on each test indicated impairment. Thereafter, the officer concluded that Holland was under the influence of alcohol to the extent that it was less safe for him to drive, and thus arrested him.

The officer read Holland the Implied Consent notice for persons over 21 years of age, asking whether Holland would submit to a state-administered chemical test of his breath.[1] The traffic stop recording also showed that, after the officer read

---

[1] The notice provides as follows:

Georgia law requires you to submit to the state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence

3

Holland the Implied Consent Notice, Holland asked the officer about the breath testing, and the officer responded, "[if you are] above 0.08, then you're not DUI." Holland consented to the breath test, and the subsequent testing registered an alcohol concentration at 0.12 grams, which was above the legal limit of 0.08 grams. See OCGA § 40-6-391 (a) (5).

The officer acknowledged at the suppression hearing that he "made a misstatement" to Holland about the effect of being above 0.08. As to that remark, Holland testified that, "[The officer] told me during that time if I blow [sic] a .08 or above, I would not be guilty of DUI in the State of Georgia. So, I mean, I just consent [sic] to it." On cross-examination, however, when asked whether he was "familiar

---

against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.08 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your breath under the Implied Consent Law?

See OCGA § 40-5-67.1 (b) (2).

4

with the concept that if you've had too much to drink, it's illegal to drive?" Holland answered, "I understand that."

Holland later filed a motion seeking to exclude the results of the breath test asserting multiple procedural, constitutional and legal claims, including that his statements and field sobriety results should be suppressed because the breath test was conducted without a warrant and he was not properly advised of his *Miranda* rights. Additionally, Holland asserted that his consent was not freely and voluntarily given because the implied consent notice was inherently coercive and coercive as applied because of the officer's inaccurate language, which misstated the true and legitimate consequences of yielding a BAC result of 0.08 % or higher.

In a detailed order, the trial court denied Holland's motion. In addition to finding that the stop was supported by reasonable articulable suspicion, the trial court found that per *Birchfield v. North Dakota*, __ U. S. __ 136 SCt 2160, 2176-2184 (V) (B) - (C) (195 LEd2d 560) (2016), the Fourth Amendment permits warrantless breath tests within the search incident to an arrest exception. According to the trial court, "a breath test would be similar to a police officer searching a suspect's person and the area within the control of the suspect. . . . After *Birchfield*, breath tests that are conducted as part of a DUI arrest also fall into the same category." As such, it

5

concluded that Holland's claims regarding the implied consent notice and the officer's inaccurate representation concerning the BAC level were moot because Holland had no right to refuse or object to the breath tests because it was incident to his arrest. The court also found that there were no custodial statements made after Holland was arrested warranting a *Miranda* warning, and that Holland's related claims that his consent was not voluntary was also moot because of the holding in *Birchfield*, but that even so, in considering the totality of the circumstances, Holland had freely and voluntarily consented to the breath test. The trial court then certified its ruling for immediate review. This Court denied Holland's application for interlocutory review, after which, Holland filed a petition for certiorari to the Supreme Court of Georgia. The Supreme Court granted Holland's petition, vacated our order denying review and remanded the case to this Court for reconsideration in light of its recent opinions in *Olevik v. State*, 302 Ga. 228 (806 SE2d 505) (2017) and *Fazio v. State*, 302 Ga. 295 (806 SE2d 544) (2017). Subsequently, Holland's application was reinstated and granted, and this appeal ensued.

1. We first note that within the context of Holland's enumerated errors, to the extent that he challenges the constitutionality of the Implied Consent notice, appellate courts "will not rule on a constitutional question unless it clearly appears in the record

that the trial court distinctly ruled on the point," and the record in the present case contains no such ruling. (Citation and punctuation omitted.) *Marks v. State*, 280 Ga. 70, 74 (4) (623 SE2d 504) (2005). Thus, we do not rule on this matter or transfer it to our Supreme Court. See *McKibben v. State*, 340 Ga. App. 89, 92, n. 10 (796 SE2d 478) (2017).

2. As to Holland's remaining enumerations of error, the trial court held that any claims related to Holland's consent were moot given that per *Birchfield*, the breath test was conducted incident to his arrest for DUI so he had no right to refuse or object to the test. However in *Olevik*, which was decided after the trial court issued its order in this case, our Supreme Court determined that a breath test provided by a DUI suspect after having been read the implied consent warning was subject to a self-incrimination analysis under Article I, Section I, Paragraph XVI of the Georgia Constitution. *Olevik*, 302 Ga. at 235-246 (2) (c). Thus, a suspect is protected from compelled acts of self incrimination, which includes protection against being compelled to submit to a breath test given after receiving the implied consent warning, and accordingly has a right to refuse such testing under the Georgia Constitution. Id. at 246 (2) (c). The Court further held that

7

[d]etermining the voluntariness of (or lack of compulsion surrounding) a defendant's incriminating statement or act involves considerations similar to those employed in determining whether a defendant voluntarily consented to a search. We have said that the voluntariness of a consent to search is determined by such factors as the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused. In determining voluntariness, no single factor is controlling. *Just as the voluntariness of consent to search includes an assessment of the psychological impact of all the factors on a defendant, a significant factor in a due process inquiry is whether a deceptive police practice caused a defendant to confess or provide an incriminating statement.* And although knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent.

(Citations and punctuation omitted.) *Olevik*, 302 Ga. at 251-252 (3) (b).

In this case, although the trial court did consider some of the circumstances surrounding Holland's consent per *Williams v. State*, 296 Ga. 817 (771 SE2d 373) (2015), the trial court did not consider whether the officer's misleading statement to Holland affected Holland's decision to take the breath test, having already determined that specific issues as to Holland's consent were moot. Compare *In Yeong Sik Oh v.*

8

*State*, 345 Ga. App. 729, 737 (3) (815 SE2d 95) (2018) ("[A]lthough the presentation of evidence by the State and [the defendant] and the trial court's consideration of it was made under the Fourth Amendment rubric announced by the Supreme Court in *Williams*. . . , we are not precluded from reviewing the trial court's determinations as to the voluntariness . . . of submitting to the breath test because the trial court would have applied the same factors in its analysis had it been aware that challenges to the breath test are properly considered under *Olevik* rather than *Williams*.") (citations and punctuation omitted.)

Thus, we vacate the trial court's denial of Holland's motion to suppress and we remand for further consideration of the totality of the circumstances surrounding Holland's breath test as set forth in *Olevik*. See *Gelzer v. State*, __ Ga. __ (No. A18A1067) (August 29, 2018) (remand required where trial court stated that it did not make an analysis of the totality of circumstances surrounding the defendant's breath test.)

*Judgment vacated and case remanded with direction. McMillian and Reese, JJ., concur.*

9