**THIRD DIVISION
DOYLE, P. J.,
REESE and BROWN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 16, 2021**

# In the Court of Appeals of Georgia

A21A0883. REGAN v. THE STATE.

BROWN, Judge.

After pleading guilty to one count of child molestation and receiving a first offender sentence of 20 years, with one year to serve, Cody Regan filed a timely notice of appeal in this Court from the trial court's order denying his motion in arrest of judgment, as well as his judgment of conviction. He later amended his notice of appeal to assert jurisdiction in the Supreme Court of Georgia. After the case was docketed in the Supreme Court of Georgia, it concluded that "the only possible basis for the exercise of this Court's jurisdiction would be if the case was one involving a constitutional question." It then reviewed the motion in arrest of judgment filed by Regan in the trial court, as well as the trial court's order denying the motion, and concluded that "there is no indication in the trial court's order on the motion in arrest

or in its subsequent sentencing decision that it passed on the merits of any purported constitutional issue." Based upon the well-established rule that it has no jurisdiction unless a constitutional issue was "properly raised and the merits distinctly ruled upon below," the Supreme Court of Georgia transferred Regan's appeal to this Court.

Regan's appeal "challenges the trial court's refusal to sentence him . . . pursuant to the Equal Protection Clauses of the United States and Georgia Constitutions." He also contends that his felony sentence constitutes "cruel and unusual punishment" under the United States and Georgia Constitutions. He asserts no other claims of error. The State asserts that Regan waived his right to assert these constitutional claims because they were not raised at the first opportunity.

The record shows that the State charged Regan with one count of child molestation in violation of OCGA § 16-6-4 (a). On June 28, 2018, Regan pleaded guilty during an 8:30 a.m. calendar call. During the hearing, the trial court stated: "Just for the record, I think counsel approached the bench, and it was agreed that the guilty plea would be entered today, but sentencing would be deferred until July 12th and that legal issues would be addressed then as well as the issue of sentencing."

At 11:32 a.m. the same day, Regan's counsel filed a motion in arrest of judgment asserting that Regan was 17 years of age, the victim was 13 years of age,

and the age difference was approximately 3 years and 10 months. He asserted that the indictment contained a non-amendable defect because "it is not clear if Defendant would be convicted of a felony . . . or whether [he] would be convicted of a misdemeanor." He asserted:

> It is incongruous with the legislative intent of 16-6-4 to punish aggravated child molestation as a misdemeanor under 16-6-4 (d) (2) and at the same time punish child molestation as a felony, where the convicted person was 17 years of age, the victim 13 years of age, and the difference in age between the convicted person and the victim is 3 years.

Under OCGA § 16-6-4 (b) (2), a person convicted of child molestation is guilty of a misdemeanor "[i]f the victim is at least 14 but less than 16 years of age and the person convicted of child molestation is 18 years of age or younger and is no more than four years older than the victim." Under OCGA § 16-6-4 (d) (2), however, a person convicted of *aggravated* child molestation is guilty of a misdemeanor when "[t]he victim is at least 13 but less than 16 years of age," the aggravated child molestation was committed by someone who is "18 years of age or younger and is no more than four years older than the victim," and the basis of the charge was an act of sodomy. Regan contends that this "sentence disparity violates equal protection because Mr. Regan is the same age and similarly situated as the class of convicted persons who

3

are granted under 16-6-4 (d) (2) a misdemeanor variance privilege and immunity from [other] sentencing and punishment provisions. . . ." Finally, he argued that "[i]t would be incongruous with the legislative intent if the State retained the discretion to prosecute the exact same conduct of child molestation plus the element of sodomy as either misdemeanor aggravated child molestation or felony child molestation." (Emphasis omitted.)

On July 3, 2018, the State filed a brief in response to Regan's motion in arrest of judgment. It asserted that no ambiguity existed under OCGA § 16-6-4 with regard to whether Regan should be sentenced to a misdemeanor or a felony. The State did not assert that the constitutional claims raised in Regan's motion in arrest of judgment were untimely; indeed, it failed to even address these claims in its brief.

On April 30, 2019, the trial court denied the motion in a three-page order which did not address the constitutional questions raised in the motion, much less find that they were untimely. On May 13, 2019, the trial court sentenced Regan to twenty years, with one year in custody.

Like the Supreme Court of Georgia, this Court "will not rule on a constitutional question unless it clearly appears in the record that the trial court distinctly ruled on the point." (Citation and punctuation omitted.) *Holland v. State*, 347 Ga. App. 601,

4

604 (1) (820 SE2d 442) (2018). While we cannot address the claims raised by Regan in this appeal as they all present constitutional questions, there is authority authorizing this Court to remand this case to the trial court for a ruling on the constitutional questions which were clearly raised below and not ruled upon by the trial court. See *Smith v. State*, 266 Ga. App. 529, 532 (3) (597 SE2d 414) (2004).

Relying upon the rule that a challenge to the constitutionality of a statute must be raised at the first opportunity, the State asserts that we should conclude that Regan waived his constitutional claims by asserting them too late. See *Kolokouris v. State*, 271 Ga. 597 (1) (523 SE2d 311) (1999) ("Challenges to the constitutionality of a statute must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned by the jury.") (citation and punctuation omitted). We disagree. "The first opportunity a defendant has to bring a constitutional attack against a sentencing statute, as opposed to other types of statutes, may come only after the guilty verdict is returned and the sentencing issue becomes ripe." *Brinkley v. State*, 291 Ga. 195, 196 (1) (728 SE2d 598) (2012), disapproved on other grounds, *Veal v. State*, 298 Ga. 691, 701 (5) (d) (784 SE2d 403) (2016). In this case, Regan brought the claim after he pleaded guilty and before the trial court sentenced him. Accordingly, the trial court failed to rule on a timely constitutional challenge to

a sentence. We therefore vacate Regan's sentence and remand this case to the trial court for a ruling on the constitutional claims asserted by Regan below. *Smith*, 266 Ga. App. at 532 (3).

    *Judgment vacated and case remanded with direction. Doyle, P. J., and Reese, J., concur.*